**VIRGINIA HOSPITAL ASSOCIATION
et al., Plaintiffs,**

v.

**Dr. James B. KENLEY et al.,
Defendants.**

**Civ. A. No. 76–0300–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 23, 1977.

Philip B. Morris, James K. Cluverius, William D. Jones, Browder, Russell, Little, Morris & Butcher, Richmond, Va., John W. Crews, Thomas F. Hancock, Jr., Richmond, Va., for plaintiffs, Herbert Semmel, Washington, D. C., William L. Heartwell, III, V. Anne Edenfield, Roanoke, Va., for plaintiffs-intervenors.

Robert T. Adams, Asst. Atty. Gen. of Va., Robert W. Jaspen, Asst. U. S. Atty.; E. D. Va., Richmond, Va., Sondra D. Stigen, Washington, D. C., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

The instant case is a class action for declaratory and injunctive relief brought by plaintiff hospitals and plaintiff-intervenor Medicaid recipients, challenging the provisions of the Virginia Medical Assistance Program which limits assistance for inpatient hospital services to between 14 and 21 days of care, as violative of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiffs represent a class of approximately 129 hospitals, located within the geographical boundaries of the Commonwealth of Virginia, which provides inpatient care and services to Medicaid recipients under the Virginia Medical Assistance Program. Plaintiff-intervenors represent a class of Medicaid eligible recipients who have been or will in the future be denied medical assistance for inpatient hospital services to the extent that they remain hospitalized beyond the 14–21 day period.

The named defendants include James B. Kenley, individually and as Commissioner of Health for the Commonwealth of Virginia, Mack I. Shanholtz, individually and as former Commissioner of Health for the Commonwealth of Virginia, Freeman C. Hays, individually and as Medical Director of the Virginia Medical Assistance Program, Otis L. Brown, individually and as Secretary of Human Affairs for the Commonwealth of Virginia, Mills E. Godwin, individually and as Governor of the Commonwealth of Virginia, Drs. John D. Buckley, Samuel W. Crickenberger, Kenneth M. Haggerty, Robert S. Hutcheson, Jr., Thomas C. Iden, William S. Terry, John H. Van-Hoy, Fletcher S. Wright, Jr. and Mrs. Fostine G. Riddick, individually and as members or former members of the Board of Health of Virginia, Robert C. Watts, Jr., individually and as Treasurer of the Commonwealth of Virginia, Charles B. Walker, individually and as Comptroller of the Commonwealth of Virginia and David Mathews (now succeeded by Joseph A. Califano), individually and as Secretary of the United States Department of Health, Education and Welfare (HEW).

Jurisdiction is attained pursuant to 28 U.S.C. §§ 1331(a), 1343(3), and 1343(4).

The matter is before the Court after a trial on the merits and upon state defendants' motion to dissolve the preliminary injunction ordered by the Court under date of December 3, 1976. The Court has considered the pleadings, the evidence presented at trial, as well as the arguments of counsel, and deems the matter ripe for disposition.

Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* provides for the establishment of cooperative federal-state programs, commonly called "Medicaid" "[f]or the purpose of enabling each State, as far as practicable under the conditions in each State, to furnish" medical assistance to cer-

tain needy individuals "whose income and resources are insufficient to meet the costs of necessary medical services." [42 U.S.C. § 1396]. Since 1969, Virginia has participated in the Medicaid program through the Virginia State Department of Health's Virginia Medical Assistance Program. For the initial five years of the program, the total cost of inpatient hospitalization was covered. However, on January 15, 1975, Virginia instituted a 21-day limitation on inpatient hospital coverage. This amendment limiting reimbursement for inpatient care was approved by HEW on June 13, 1975, along with other amendments or "cutbacks" in the State Plan. Under this amendment, reimbursement is provided only for the first 14 days of a hospital stay, except that upon a determination of medical necessity and authorization by the State Department of Health, this period of reimbursement may be extended up to a total of 21 days of hospital care.

It is the plaintiffs' position that Virginia's "21-day limitation" on coverage of inpatient hospital services violates several requirements of the implementing regulations in Title XIX as well as the Equal Protection Clause of the United States Constitution. A number of the plaintiffs' contentions were discussed and rejected by this Court in its Memorandum Opinion accompanying the Order granting a preliminary injunction, dated December 3, 1976.

While the Court is of the opinion that the only material issues remaining for resolution are whether a state can, under any circumstances, impose a specified limitation upon reimbursement for hospitalization provided by Medicaid and, if so, whether Virginia's 14/21-day rule is of sufficient duration to reasonably achieve the purpose of hospitalization, plaintiffs have raised additional issues which warrant discussion.

■ Plaintiff providers and recipients contend that the 21-day limitation violates requirements that the State Medicaid plan provide (1) equal benefits to all similarly situated Medicaid recipients, § 1396a(a)(10)(B)(i) and (ii) and (C)(ii); and (2) services in a manner consistent with the best interests of recipients, § 1396a(a)(19); and categorically needy recipients may not be forced to share in the cost of any of the mandatory services, including inpatient hospital care, § 1396a(a)(14)(A)(i); and (4) that the costs of Medicaid services may not be passed on to non-Medicaid patients, § 1396a(a)(13)(D). However, as addressed in the Court's Memorandum of December 3, 1976, these requirements apply only to medical assistance which is provided *under the State Plan* and do not define what the extent of the original coverage must be. Since inpatient hospital services beyond 21 days are *not* provided under Virginia's State Plan, the fact that hospitals, other patients, or the recipients themselves may have to bear the cost incurred in longer stays does not in the Court's view violate these provisions of the Medicaid Act.

■ Plaintiff-intervenors further contend that the 21-day limitation interferes with and controls the manner in which medical services are provided, the administration of hospitals, and the doctor/patient relationship in violation of congressional intent and the Social Security Act as expressed in 42 U.S.C. § 1395.

42 U.S.C. § 1395 provides:

Nothing in this subchapter shall be construed to authorize any federal officer or employee to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided, or over the selection, tenure, or compensation of any officer or employee of any institution, agency, or person providing health services; or to exercise any supervision or control over the administration or operation of any such institution, agency or person.

Plaintiffs' reliance on *AMA v. Weinberger*, 395 F.Supp. 515 (N.D.Ill.1975), *aff'd* 522 F.2d 921 (7th Cir. 1975) is, in the Court's view, misplaced. In that case, regulations conditioning Medicare and Medicaid reimbursement on the establishment by hospitals of utilization review committees of the medical necessity of a patient's admission within 24 hours were enjoined because of

the potentially chilling effect on the physician's decision to admit patients. However, that case involved a *condition* placed on reimbursement for medical services covered under Medicaid plans and not an absolute limitation on *coverage* such as the 21-day limitation. This type of limitation does not alter the physician's decision as to the number of days *needed* for a particular patient, it simply fails to provide *coverage* after the 21-day period. Indeed, while there may be instances where the number of days of coverage unduly influences the provision of health care services by the hospital or the physician during a period when coverage is provided, the 21-day limitation involved in the instant case is not such an instance.

■ Plaintiff-intervenors' constitutional claim consists of the contention that Virginia has undertaken to provide inpatient hospital care to all Medicaid recipients, but has arbitrarily discriminated in coverage between recipients who require less than 21 days hospitalization and those who require more than 21 days for their illness or injury in violation of the plaintiffs' right to the equal protection of the laws as provided by the Fifth and Fourteenth Amendments to the United States Constitution. The Court finds no merit in this contention since the 21-day limitation is rationally related to the state's legitimate interest in insuring the fiscal solvency of the Medicaid program.

The bottom line of the instant case is whether a state plan may, in the first instance, limit the days of coverage of inpatient hospital care, and, if so, whether Virginia's 21-day limitation is a reasonable one. Upon a review of the applicable statutory and regulatory language, the Court concludes that a state may, as a matter of law,

impose such limitations on the days of hospital coverage.

The Court's statutory analysis begins with a recognition that the federal law gives each state broad discretion in allocating the available resources. The purpose of the Act was to enable states *"as far as practicable"*, 42 U.S.C. § 1396, to provide medical assistance to the needy. Medical assistance is defined in § 1396d(a) as "payment of part or all of the costs" for services provided.

Under §§ 1396a(a)(12)(B) and 1396d(a)(1) of the statute, the State Plan *must* provide for inpatient hospital services for the "categorically needy". Under §§ 1396a(a)(13)(C) and 1396d(a)(1) the State Plan *may* provide inpatient hospital services for the "medically needy".[1] A state plan must provide for "payment of the reasonable cost of inpatient hospital services provided *under the plan*." 42 U.S.C. § 1396a(a)(13)(D). Inpatient hospital services are those "services ordinarily furnished by the hospital for the care and treatment of inpatients provided under the direction of a physician . . ." 42 C.F.R. § 249.10(a)(1)(6)(i). The State Plan must

"[S]pecify the amount and/or duration of each item of medical and remedial care . . . Such items must be sufficient in amount, duration and scope to reasonably achieve their purpose with respect to the required services . . . The state may not arbitrarily deny or reduce the amount, duration or scope of such services . . . solely because of the diagnosis, type of illness or condition. Appropriate limits may be placed on services based on such criteria as medical necessi-

---

1. Categorically needy and medically needy are defined in 45 C.F.R. § 248.10(a)

(1) The term "categorically needy" refers to an individual who is receiving financial assistance under the State's approved plan under title I, IV-A, X, XIV or XVI of the Social Security Act, or is in need under the State's standards for financial eligibility in such plan.

(2) The term "medically needy" refers to an individual whose income and resources equal or exceed the State's standards under

the appropriate financial assistance plan but are insufficient to meet his costs for medical insurance premiums and for necessary medical and remedial care and services recognized under State law but not encompassed in the State plan for medical assistance, plus his costs for medical and remedial care and services included in the State plan.

Under its State plan, Virginia has undertaken to provide inpatient hospital care to both the categorically needy and the medically needy.

ty or those contained in utilization or medical review procedures." 42 C.F.R. § 249.10(a)(5)(i).

It is the position of plaintiffs that the provisions in the Medicaid Act requiring inpatient hospital care for the categorically needy equate mandatory hospital care with medical necessity, which may be limited only through an effective utilization or review process, and not by an arbitrary fixed day limit. However, 42 U.S.C. § 1396a(a)(13)(D), the provision requiring inpatient hospital services, mandates the payment of the reasonable cost of those services provided *under the plan*. Hence, in the Court's view, plaintiffs' contention in this regard is not well taken. The principal support for the plaintiffs' contention is to be found in 45 C.F.R. § 249.10(a)(5)(i), heretofore quoted. It is the plaintiffs' position that Virginia's 21-day limitation violates several provisions of that regulation in that it (1) fails to provide services sufficient in duration to "reasonably achieve their purpose"; (2) arbitrarily denies or reduces services to recipients "solely because of their diagnosis, type of illness or condition";[2] and (3) is an inappropriate limit since it is not based on such criteria as "medical necessity" or "utilization or medical review procedures."

Unquestionably, there are Medicaid recipients in Virginia who require, as a matter of medical necessity, more than 21 days of hospitalization. Evidence submitted at trial established the fact that there are a number of medical conditions which, on the average, will require hospitalization beyond 21 days. In addition, the evidence tended to show that due to a variety of socioeconomic factors including inaccessibility to good nutrition and preventive health care, the average Medicaid recipient admitted to a hospi-

tal will require a longer hospital stay than the non-recipient.

It is also a fact that an illness or injury may be stubborn in its refusal to observe man-made deadlines or time tables. Indeed, it may seem to violate any notion of good medical sense, if not common sense, for a state aided by federal funds to undertake to provide hospitalization for an individual, only to abruptly and arbitrarily cut off coverage and announce at the end of a 21-day period that "time is up". Unfortunately, the inquiry does not end here. For what violates common sense may not in fact violate a statute, and it is a statute with which the Court must concern itself.

The test under the applicable regulation, 45 C.F.R. § 249.10(a)(5)(i) is one of reasonableness—does the State Plan provide services sufficient to "reasonably achieve their purpose"? The answer to this query lies in whether such language is interpreted to mean the services must be sufficient to reasonably achieve their purpose for an *individual* patient or sufficient to reasonably achieve the purpose of the provision of that type of service to the Medicaid population as a whole. Admittedly, the answer to the issue is not an easy one. It is, therefore, particularly appropriate to lend great deference to the interpretation given to the regulation by the agency charged with the administration of the statute. *See New York State Department of Social Services v. Dublino*, 413 U.S. 405, 421, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973); *Red Lion Broadcasting v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969).

The Department of Health, Education and Welfare has interpreted this regulation to mean that services provided reasonably achieve their purpose if the amount, scope

---

**2.** *See The Medical Society of the State of New York v. Toia*, No. 76–C–1443 (E.D.N.Y. Jan. 18, 1977). In that case, plaintiffs sought to enjoin the enforcement of certain provisions of New York's Medicaid program, including a 20-day limit on hospital care. The Court issued a preliminary injunction against the restrictions placed on reimbursable surgical procedures, finding an inconsistency between the Medicaid

Act's requirements of broad coverage for physician's services and the State Plan's attempt to reduce the *types* of medically indicated surgical procedures reimbursable. However, the Court denied injunctive relief against the enforcement of the 20-day limit on inpatient hospital care, finding no clear showing of irreparable injury to the plaintiffs.

and duration would be sufficient for *most* persons needing that type of care.

> "For example, if a state wishes to limit days of hospital care per year, the number of days should be at least adequate to cover one admission for the average days needed by those individuals covered under the program." HEW Field Staff Information and Instruction Series: FY–76–62 at page 7 (January 2, 1976).

From the inception of Title XIX, "Medicaid," HEW has approved state plans providing coverage of inpatient hospital services for a limited duration.[3] As of September 2, 1976, eighteen states placed some absolute limit on the number of days of coverage of inpatient hospital services.

It is also significant that in 1972, with the knowledge that a number of states provided inpatient hospital care of limited duration, Congress enacted Public Law 92–603, U.S. Code Cong. & Admin.News p. 4989, making major revision of Title XIX, but took no action indicating dissatisfaction with such limitations.

 The Court concludes, therefore, as a matter of law, that a state plan may limit coverage for days of hospital care. The only issue remaining, therefore, is whether Virginia's 21-day limit is a reasonable one, providing coverage sufficient for most of the individuals requiring hospitalization. The evidence established at trial that the 21-day limit was based on estimates from state statistics for fiscal years 1973 and 1974 to the effect that approximately 92% of Medicaid hospital patients would be discharged within a 21-day period.[4] Such a limitation is, therefore, a reasonable one.

In conclusion, the provisions of the Virginia Medical Assistance Program's State Plan regarding reimbursement for inpatient hospital services are not violative of the United States Constitution or of Title XIX, the Social Security Act, 42 U.S.C. § 1396 *et seq.* It follows, therefore, that judgment must be entered for the defendants.

Having considered the evidence submitted regarding the provision of notice and hearings to Medicaid recipients reference the 21-day limitation on inpatient hospital care, the Court finds that the procedural defects noted by it on December 3, 1976 in its Memorandum Opinion accompanying an Order enjoining the imposition of the 14/21-day rule, have been obliterated. Therefore, the state defendants' motion to dissolve the preliminary injunction was well taken.

An appropriate order will issue.

---

**3.** In an attempt to establish the lack of a consistent interpretation by HEW in this regard, plaintiff-intervenors submitted a letter from Mr. William Toby, an acting regional commissioner for HEW, in which he stated that New York's 20-day limit on inpatient hospital care "raises a question of compliance with Federal regulations". However, HEW thereafter submitted an affidavit from Mr. Toby in which he stated that he subsequently learned that it was a settled policy within HEW that such limitations were "well within the State's right, pursuant to 45 C.F.R. § 249.10(a)(5)(i), to specify the

amount, duration, and scope of medical care and services provided under the plan."

**4.** Evidence submitted by the plaintiffs to the effect that approximately 20% or more of the total hospital patient days provided to Medicaid patients are for hospitalization in excess of the 21-day limit is not relevant to the issue of reasonableness as defined by HEW in the Court, that is, whether the coverage is sufficient for most of the *individuals* requiring hospitalization.