648 F.2d 946
 Margarette CURTIS, et al., Plaintiffs-Appellees,
v.
Alvin J. TAYLOR, Individually and as Secretary of the State
of Florida, Department of Health and
Rehabilitative Services, Defendant-Appellant.
Margarette CURTIS, et al., Plaintiffs-Appellees,
v.
Alvin J. TAYLOR, etc., Defendant-Appellant.
 Nos. 78-2203, 79-2244.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 19, 1980.
 
 Chester Senf, Asst. Gen. Counsel, Charles Collett, Atty., Florida Dept. of Health & Rehabilitative Services, Tallahassee, Fla., for defendant-appellant.
 Legal Services of Greater Miami, Inc., Stephen Maher, Perrine, Fla., Marcia K. Cypen, Legal Services of Greater Miami, Miami, Fla., Florida Legal Services, Robert F. Williams, Tallahassee, Fla., David Fredric Chavkin, National Health Law Program , Washington, D. C., for plaintiffs-appellees.
 Appeals from the United States District Court for the Northern District of Florida.
 ON PETITIONS FOR REHEARING
 Before RUBIN and POLITZ, Circuit Judges, and POINTER*, District Judge.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 The opinion in this case, 625 F.2d 645, is modified as follows:
 
 
 2
 1. The word "defendants" in the caption and in the text of the opinion is changed to "defendant."
 
 
 3
 2. The order in case number 78-2203 is changed from "Appeal dismissed" to "Judgment vacated, case remanded with instructions to the district court to enter an order dismissing count I as moot."[1]
 
 
 4
 Some of the issues raised in the state's brief were not mentioned in our prior opinion. We had considered each of them and thought it supererogatory to reject each in explicit terms, particularly because, after deciding that they had no merit, we decided the ultimate substantive issue in the state's favor. However, because the state again raises these issues on the supposition that they were overlooked, we will state briefly the reasons why we rejected them.[2]
 
 
 5
 This Circuit is now considering en banc whether exhaustion of administrative remedies is required before resort to federal court under 42 U.S.C. § 1983. Patsy v. Florida International University, 612 F.2d 946 (5th Cir. 1980) rehearing en banc granted, 617 F.2d 442 (5th Cir. 1980). In addition, the Supreme Court has granted writs in a case that involves this issue. Jenkins v. Brewer, -- U.S. --, 101 S.Ct. 395, 66 L.Ed.2d 243 (1980).
 
 
 6
 We do not think it either necessary or desirable to await the decisions in those suits. Even if the Supreme Court or this court should decide that exhaustion of administrative remedies is necessary before a Section 1983 claim may be asserted, recourse to state agencies has never been required unless the suggested state administrative remedy is adequate. See 17 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction § 4233, at 373 (1978); Gibson v. Berryhill, 411 U.S. 564, 575 n. 14, 93 S.Ct. 1689, 1696 n. 14, 36 L.Ed.2d 488, 498 n. 14 (1973); Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970). Therefore, we assume arguendo for present purposes that, if an adequate state remedy is available, a Section 1983 suitor must resort to it before invoking the aid of a federal court.
 
 
 7
 The state regulation in this case was under attack both because it denied the plaintiff class equal protection under the fourteenth amendment and because it violated the federal statute. The administrative procedures available to the plaintiff class under Florida's Administrative Procedure Act (APA), Fla.Stat. ch. 120 (Supp.1974), could not provide the plaintiffs with the relief they sought.[3]
 
 
 8
 Although Section 120.57 of the Act provides for a proceeding of an adjudicatory nature before an administrative hearing officer to challenge agency action, the authority of that hearing officer is limited. The Florida courts have held that "the administrative hearing officer lacks jurisdiction to consider constitutional issues " Gulf Pines Memorial Park v. Oaklawn Memorial Park, Inc., 361 So.2d 695, 699 (Fla.1978). See also Department of Revenue v. Amrep Corp., 358 So.2d 1343 (Fla.1978); E. T. Legg & Co. v. Franza, 383 So.2d 962 (Fla.4th Dist.Ct.App.1980). "The Administrative Procedure Act could not and does not relegate Fourteenth Amendment questions to administrative determination, nor restrict the occasions for judicial consideration of them nor otherwise impair the judicial function to determine constitutional disputes." Department of Revenue v. Young American Builders, 330 So.2d 864, 865 (Fla.1st Dist.Ct.App.1976). See generally Swan, Administrative Adjudication of Constitutional Questions: Confusion in Florida Law and a Dying Misconception in Federal Law, 33 U.Miami L.Rev. 527 (1979).
 
 
 9
 Nor was the administrative hearing officer empowered to consider the invalidity of the state regulations under the applicable federal statutes. The final order issued by the administrative hearing officer after a Section 120.57 hearing regarding the fifty cent co-payment rule reveals the limited nature of this administrative relief. That final order provides in relevant part:
 
 
 10
 It is noted that appellants raised in their motions numerous questions of constitutionality, invalidity of statutes, invalidity of regulations, and conflicts of regulations with statutes and with each other. While many of the arguments appear to be of questionable merit, with respect to the presentation of such issues to him, the Hearings Officer believes that he is invested with only quasi-judicial authority and possesses no general judicial powers such being reserved to the courts alone under Article V of the Constitution of Florida. Thus, an administrative Hearings Officer has no power to rule on constitutionality, declare a statute or rule invalid, pick from among myriad statutes or rules and declare which is controlling these things call for the exercise of judicial, rather than quasi-judicial, power.
 
 
 11
 The Section 120.57 hearing invoked to challenge the fifty cent co-payment rule could not resolve the plaintiffs constitutional and federal statutory challenges to that rule. The plaintiffs made the same claims of invalidity in regard to the other rule challenged in this case. Because the administrative hearing provided by Section 120.57 could not resolve the claims advanced by the plaintiffs, the failure to exhaust that avenue of relief will not bar the resort to federal court in this case.[4]
 
 
 12
 The state also asserts that the judicial review of agency action provided by the APA Section 120.68 is an adequate remedy. If this is an argument that state judicial remedies must first be exhausted, the argument has been repeatedly rejected by the Supreme Court. See, e. g., Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492, 503 (1961); McNeese v. Board of Education, 373 U.S. 668, 672, 83 S.Ct. 1433, 1436, 10 L.Ed.2d 622, 625 (1963) ("We would defeat (the) purposes (of Section 1983) if we held that assertion of a federal claim in a federal court must await an attempt to vindicate the same claim in a state court.") Ellis v. Dyson, 421 U.S. 426, 432-33, 95 S.Ct. 1691, 1695, 44 L.Ed.2d 274, 281-82 (1975); Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439, 443 (1973). See generally, C. Wright, Law of Federal Courts 210-11 (1976) (traditional rule that exhaustion of administrative remedies is generally required, though exhaustion of judicial remedies is not required). On the other hand, the argument may suggest that the state judicial review will supply deficiencies in the state administrative process. In this light, we note that judicial review under Section 120.68 is limited to the administrative record except where the court directs the agency to conduct a factfinding proceeding to supplement that record. Fla.Stat. § 120.68(4) & 120.68(6) (Supp.1974). Moreover, Section 120.68 requires the reviewing court to remand the case to the agency if it finds that the exercise of discretion by the agency violates a constitutional or statutory provision. The reviewing court is not allowed to substitute its judgment for that of the agency. Fla.Stat. § 120.68(12)(c) (Supp.1974). Such a disposition of the complaining party's challenge by a court that, in most cases, conducts its review only after final agency action cannot be said to constitute an adequate administrative remedy.
 
 
 13
 The available administrative procedures could not provide the plaintiffs with the remedy they sought: an adjudication of the validity of the challenged rules under the Constitution and the applicable federal statutes. Inadequate administrative procedures need not be exhausted before the plaintiffs' claims are entertained in federal court.
 
 
 14
 The district court correctly refused to abstain. There was no issue of interpretation of state law. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); BT Investment Managers, Inc. v. Lewis, 559 F.2d 950, 953 (5th Cir. 1977); Romero v. Coldwell, 455 F.2d 1163 (5th Cir. 1972). There was no overriding state interest, special state competence or threat to Florida's administration of its own affairs that warranted denying those who challenged Florida's actions access to their chosen federal forum. BT Investment Managers, Inc. v. Lewis, 559 F.2d at 955; Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). None of the issues had been decided in state court. Cornwell v. Ferguson, 545 F.2d 1022 (5th Cir. 1977). While there were pending state proceedings on behalf of persons not named as plaintiffs, these involved the fifty cent co-payment issue, not the question concerning validity of the limitation on payments for physicians' visits.
 
 
 15
 The state does not contend that the district court should have abstained under any established doctrine. Instead it argues that, while the case "does not present the orthodox abstention situation," Gibson v. Jackson, 578 F.2d 1045, 1051 (5th Cir. 1978), cert. denied, 439 U.S. 1119, 99 S.Ct. 1028, 59 L.Ed.2d 79 (1979), the "necessity for abstention is to be determined by principled discretion " 578 F.2d at 1048. Such principled discretion was, indeed, exercised by the district court. The pending state proceedings involved the fifty cent co-payment rule, which is only one of the issues here. That issue has since become moot. Even if the district court might properly have considered abstention as to that issue, there was no reason to abstain from considering the other issues.
 
 
 16
 Having thus shown why we considered it our duty to reach the merits despite the various jurisdictional hurdles asserted by the state, we see no reason to reconsider that decision. Accordingly, the petition for panel rehearing is DENIED.
 
 
 
 *
 District Judge of the Northern District of Alabama, sitting by designation
 
 
 [1]
 This is the procedure used in Board of Regents v. New Left Education Project, 414 U.S. 807, 94 S.Ct. 118, 38 L.Ed.2d 43 (1973); Pugh v. Rainwater, 572 F.2d 1053, 1059 & n.10 (5th Cir. 1978) (en banc) and McRae v. Hogan, 576 F.2d 615, 617 (5th Cir. 1978). It prevents the district court's opinion, which was not reviewed by us, from "spawn(ing) any precedential consequences." National lawyers Guild, University of Texas Chapter v. Board of Regents, 490 F.2d 97, 98 (5th Cir. 1974)
 
 
 [2]
 We note that these issues were raised only in one appeal, 78-2203, which we have found to be moot. However, they do relate to the entire complaint and the issues considered in appeal 79-2244
 
 
 [3]
 In its original brief, the state contended that adequate administrative remedies are available under several sections of Florida's APA. Two of the sections of that statute that are suggested to supply an adequate remedy clearly do not provide sufficient relief. Section 120.54(4) permits an administrative attack on a proposed rule on the limited ground that the rule is an invalid exercise of delegated legislative authority. Section 120.56 provides for a similarly narrow attack on a rule once it is adopted. Moreover, in Sections 120.54(4)(d) and 120.56(5), the Act specifies that the failure to utilize these procedures shall not constitute a failure to exhaust administrative remedies. See 4245 Corporation, Mother's Lounge, Inc. v. Division of Beverage, 348 So.2d 934, 936 (Fla. 1st Dist.Ct.App.1977). We shall hereafter consider the sufficiency of the remaining sections of the APA contended by the state to provide adequate administrative remedies
 
 
 [4]
 We recognize the possibility that Florida courts might in the future construe the Administrative Procedure Act to confer power to consider both statutory and constitutional claims. However, in the absence of an authoritative judicial decision, we follow the course we think the courts would likely take, the one indicated by the administrative hearing officer in the hearing on the fifty cent co-payment rule