869 F.2d 140
 Wanda TURNER, on behalf of herself and all persons similarly
situated, Linda Orsborne, on behalf of herself and
all persons similarly situated,
Plaintiffs-Appellants,
Sandra Morgan, on behalf of herself and all others similarly
situated, Plaintiff-Intervenor-Appellant,
v.
Cesar PERALES, as Commissioner of the New York State
Department of Social Services, Rita B. Otterbein,
as Commissioner of the Wayne County
Department of Social Services,
Defendants-Appellees.
 No. 735, Docket 88-7889.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 2, 1989.
Decided Feb. 23, 1989.
 
 Bryan D. Hetherington, Rochester, N.Y. (Susan Ann Silverstein, Michael Hanley, Monroe County Legal Assistance Corp., Rochester, N.Y., of counsel), for plaintiffs-appellants.
 Michael S. Buskus, Asst. Atty. Gen., Albany, N.Y. (Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y., of counsel), for defendants-appellees.
 Before KAUFMAN, TIMBERS and CARDAMONE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Wanda Turner appeals on behalf of herself and persons similarly situated from a September 21, 1988 judgment of the United States District Court for the Western District of New York (Larimer, J.), which granted appellee, the Commissioner of the New York State Department of Social Services, Cesar Perales' motion for summary judgment. As a result, it dismissed appellants' cause of action which asserted that New York State's public housing assistance policies were in conflict with federal law--and thus void under the Supremacy Clause--and in violation of the Equal Protection Clause. We affirm substantially for the reasons stated in Judge Larimer's thorough opinion, dated September 21, 1988 that properly dismissed, as without merit, appellants' Supremacy Clause and Equal Protection Clause challenges to the State's rules for distributing housing assistance funds.
 
 
 2
 We write only because the district court erred, as appellees now concede, in holding that the appropriate standard of review of the New York Department of Social Services' interpretation of federal law was governed by the test set forth in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44, 104 S.Ct. 2778, 2781-83, 81 L.Ed.2d 694 (1984). Chevron dealt with the question of what deference should be accorded a federal executive agency's construction of an ambiguous federal statute. 467 U.S. at 842-43, 104 S.Ct. at 2781-82. The Supreme Court held that because Congress had not spoken directly to the issue in controversy the implementing agency was entitled to deference so long as its interpretation was reasonable, and not arbitrary, capricious or manifestly contrary to the organic statute. See id. at 843 & n. 11, 104 S.Ct. at 2782 & n. 11. Chevron's policy underpinnings emphasize the expertise and familiarity of the federal agency with the subject matter of its mandate and the need for coherent and uniform construction of federal law nationwide.
 
 
 3
 Those considerations are not apt in the instant case. Although Congress may have designed this plan as one of "cooperative federalism," in which state agencies are given broad responsibility and latitude in administering welfare assistance programs, the federal scheme does not envision any unitary or uniform application from state to state. Thus, the issue here is not the one posed in Chevron because no federal agency is involved. Instead, the question is whether the state law and implementing regulations are consistent with federal law. This is an issue of law, subject to de novo review in federal court, similar to the review given to federal preemption analysis. See, e.g., Environmental Encapsulating Corp. v. City of New York, 855 F.2d 48, 53 (2d Cir.1988); Hayes v. Human Resources Administration, 648 F.2d 110, 116-18 (2d Cir.1981). Significantly, the district court's application of Chevron had no effect on the determination it made. It carefully analyzed the substantive constitutional issues and reached the correct result.
 
 
 4
 Accordingly, the judgment appealed from is affirmed.