17-3770-ag
*In re N.Y. State Dep't of Envtl. Conserv. v. FERC*

In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2017

No. 17-3770-ag

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,
*Petitioner*,

SARAH E. BURNS, AMANDA KING, MELODY BRUNN, BRUNN LIVING
TRUST, PRAMILLA MALICK, CHAIR OF PROTECT ORANGE COUNTY,
PROTECT ORANGE COUNTY, (POC), AN ASSOCIATION,
*Intervenors*,

*v.*

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent*,

MILLENNIUM PIPELINE COMPANY, L.L.C. and CPV VALLEY, L.L.C.,
*Intervenors.*

————

Petition for Review from the Federal Energy Regulatory
Commission.
Nos. CP16-17-000, CP16-17-003.

————

ARGUED: JANUARY 24, 2018
DECIDED: MARCH 12, 2018

————

Before: CABRANES, LIVINGSTON, and CARNEY, *Circuit Judges.*

————

Petitioner New York State Department of Environmental Conservation requests that we vacate two orders of the Federal Energy Regulatory Commission. Together, these orders authorized Intervenor-Respondent Millennium Pipeline Company, L.L.C. to construct a natural gas pipeline in Orange County, New York, and determined that the Department had waived its authority to provide a water quality certification for the pipeline project under Section 401 of the Clean Water Act.

We **DENY** the petition for review.

————

> FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Andrew D. Bing, Deputy Solicitor General Lisa M. Burianek, Deputy Bureau Chief; and Brian Lusignan, Assistant Attorney General, *on the brief*), *for* Eric T. Schneiderman, Attorney General, State of New York, Albany, NY, *for Petitioner.*
>
> ROBERT H. SOLOMON, Solicitor (James P. Danly, General Counsel; Holly E. Cafer, Senior Attorney; and Ross Fulton, Attorney, *on the brief*), Federal Energy Regulatory Commission, Washington, DC, *for Respondent.*
>
> CAROLYN ELEFANT (Sarah A. Burns, New York University School of Law, New York NY; and David Wallace, David Wallace Law Offices,

Montague, NJ, *on the brief*), Law Offices of Carolyn Elefant, PLLC, Washington, DC, *for Intervenors* Sarah E. Burns, Amanda King, Melody Brunn, Brunn Living Trust, Pramilla Malick, Chair of Protect Orange County, Protect Orange County, (POC) an association.

CATHERINE E. STETSON (Sean Marotta, Hogan Lovells US LLP, Washington, DC; and Paul Korman, Michael R. Pincus, and A. Gregory Junge, Van Ness Feldman LLP, *on the brief*), Hogan Lovells US LLP, Washington, DC, *for Intervenors* Millennium Pipeline Company, L.L.C.

Elizabeth W. Whittle, Nixon Peabody LLP, Washington, DC, *for Intervenors* CPV Valley, L.L.C.

————

JOSÉ A. CABRANES, *Circuit Judge*:

The questions presented are: (1) whether the Federal Energy Regulatory Commission ("FERC") correctly determined that petitioner New York State Department of Environmental Conservation ("the Department") waived its authority to review the request of Intervenor Millennium Pipeline Company, L.L.C. ("Millennium") for a water quality certification under Section 401 of the Clean Water Act by failing to act on that request within one year; and (2) whether FERC has jurisdiction to regulate the pipeline at issue, and, if so, whether FERC appropriately accepted and reviewed the application pursuant to its exclusive jurisdiction over interstate natural gas transportation under the Natural Gas Act.

The Department challenges two FERC orders. These orders effectively authorized Millennium to construct a natural gas pipeline to serve a power plant run by Intervenor CPV Valley, L.L.C. ("CPV") absent the water quality certification otherwise required to be procured from the Department under Section 401 of the Clean Water Act, 33 U.S.C. § 1341. In the orders under review, FERC determined that the Department waived its certification authority for the pipeline by failing to respond within one year of receiving Millennium's request for water quality certification, as required by statute. Additionally, the Protect Orange County Intervenors ("the Landover Intervenors") challenge FERC's jurisdiction over the pipeline at issue.

We conclude that the Department waived its authority to review Millennium's request for a water quality certification under the Clean Water Act by failing to act on that request within one year. We also conclude that FERC does have jurisdiction over the pipeline. Accordingly, we DENY the petition for review.

## BACKGROUND

The Valley Energy Center, owned by CPV, is an electric power generation facility under construction in the Town of Wawayanda, in Orange County, New York.[1] CPV contracted with Millennium to build the pipeline as a means of connecting the plant to Millennium's existing interstate natural gas pipeline, which runs through Orange County.[2]

On November 13, 2015, Millennium filed an application with FERC, pursuant to section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(c), requesting certificate authorization to construct and operate 7.8 miles of sixteen-inch-diameter lateral pipeline and related

---

[1] J.A. 539.
[2] *Id.*

facilities.[3] The Natural Gas Act requires applicants to obtain "any permits, special use authorizations, certifications, opinions, or other approvals as may be required under Federal law."[4] Since the pipeline would cross several streams of water in southern New York, Millennium was also required to apply to New York's Department for a water quality certification under the Clean Water Act to confirm that the proposed pipeline project ("Project") would comply with the Act, state water quality standards, and other requirements of state law.[5]

Section 401 of the Clean Water Act provides that "[i]f the State . . . fails or refuses to act on a request for certification, within a reasonable period of time (which shall not exceed one year) after receipt of such request, the certification requirements . . . shall be waived with respect to such Federal application."[6]

On forms dated November 18, 2015, Millennium submitted an application for a water quality certification to the Department.[7] The Department received the application on November 23, 2015.[8] On December 7, 2015, the Department notified Millennium that it deemed the application incomplete, pending FERC's environmental assessment.[9] FERC issued its assessment on May 9, 2016.[10] On June 17, 2016, the Department issued a second notification that it considered Millennium's application incomplete, requesting further information regarding the Project's potential environmental impact.[11] In August

---

[3] J.A. 1-28
[4] 15 U.S.C. §§ 717n(a)(1), (2).
[5] 33 U.S.C. § 1341(a)(1).
[6] *Id.*
[7] J.A. 29-127.
[8] *Id.* at 128.
[9] *Id.*
[10] *Id.* at 217.
[11] *Id.* at 401.

2016, Millennium submitted responses conveying additional information to the Department.[12]

On November 9, 2016, FERC issued a certificate under section 7(c) of the Natural Gas Act approving the Project ("Certificate Order").[13] The Certificate Order did not authorize Millennium to begin construction immediately, instead listing various conditions that the company would need to satisfy before starting work.[14] After FERC issued the Certificate Order, Millennium requested expedited review of its application for a water quality certification.[15] In response, the Department acknowledged that Millennium had fully responded to the second notice of incomplete application and stated that it would continue its review.[16] It contended that it had, "at a minimum, until August 30, 2017," to either approve or deny the application.[17]

Eager to begin construction, Millennium petitioned the United States Court of Appeals for the District of Columbia Circuit to compel the Department to act on its application for water quality certification, on the basis that the Department failed to act on Millennium's application for a water quality certification within the one-year time limit mandated by Section 401 of the Clean Water Act.[18] On June 23, 2017, that court dismissed Millennium's petition for lack of standing, holding that Millennium could seek a remedy for the delay only from FERC.[19]

Accordingly, on July 21, 2017, Millennium requested that FERC determine that the Department had waived its authority under the

---

[12] *Id.* at 407, 441, 472.
[13] *Id.* at 538; *see generally Millennium Pipeline Co.*, 157 FERC ¶ 61096 (Nov. 9, 2016).
[14] J.A. at 590-95.
[15] *Id.* at 597.
[16] *Id.* at 618.
[17] *Id.*
[18] *See Millennium Pipeline Co. v. Seggos*, 860 F.3d 696 (D.C. Cir. 2017).
[19] *Id.* at 701.

Clean Water Act, and thus permit Millennium to proceed with construction.[20] While that request was pending, on August 30, 2017—nearly two years after Millennium's initial submission to the Department—the Department denied Millennium's application.[21] It determined that FERC's environmental assessment had failed to evaluate the downstream greenhouse gas emissions from the Project. The Department therefore considered the environmental assessment incomplete and rejected the water quality certification request.[22] Millennium petitioned this Court for review of the Department's decision.[23]

On September 15, 2017, following the Department's decision, FERC found that the Department's delay constituted a waiver of the Department's authority under the Clean Water Act ("Waiver Order").[24] It held that under the plain language of Section 401—which states that the window for review opens upon "receipt of such request"—the relevant date for assessing waiver is the day the agency receives an application, in this case, November 23, 2015.[25]

The Department, and, separately, the Landowner Intervenors sought rehearing of the Waiver Order.[26] FERC denied rehearing on

---

[20] J.A. 646.

[21] *Id.* at 736-37.

[22] *Id.*

[23] That case has been held in abeyance pending the outcome of the instant appeal. *See Millennium Pipeline Co. v. N.Y. State Dep't of Envtl. Conserv.*, No. 17-3465 (2d Cir., filed Oct. 26, 2017).

[24] *Millennium Pipeline Co.*, 160 FERC ¶ 61,065 (Sept. 15, 2017); J.A. 753.

[25] J.A. 757-58.

[26] J.A. 763. On October 27, 2017, following entry of the Waiver Order, FERC issued a "Notice to Proceed with Construction" authorizing Millennium to begin construction without receiving a Section 401 certification from the Department. J.A. 783. To prevent Millennium from commencing construction until FERC acted on the Department's motion for rehearing, on October 30, 2017, the Department brought an emergency petition for a writ of prohibition to this Court. *See In re N.Y. State Dep't of Envtl. Conserv. v. Millennium Pipeline Co.*, No. 17-3503 (2d Cir. Oct. 30, 2017). We issued an administrative stay regarding the Notice to Proceed. We dissolved that stay after FERC issued the Waiver Rehearing Order.

November 15, 2017 ("Waiver Rehearing Order").[27] Two days after FERC's denial of rehearing, the Department filed this petition for review of the Waiver Order and the Waiver Rehearing Order.[28] On appeal, the Landowner Intervenors claim that FERC lacks jurisdiction under the Natural Gas Act to regulate the pipeline.

## DISCUSSION

### A.      Standard of Review

Two issues are presented by this proceeding: (1) whether FERC correctly interpreted Section 401 of the Clean Water Act when it held that the Department waived its right to act on Millennium's application; and (2) whether FERC appropriately accepted and reviewed the application as subject to its exclusive jurisdiction under the Natural Gas Act.

We review FERC's interpretation of the Clean Water Act, a statute that it does not administer, *de novo*.[29] The Department contends that we should grant *Chevron* deference to a state agency's interpretation of a federal statute. It claims that since Section 401 contemplates a joint federal-state program in which the Department is responsible for determining whether a proposal complies with the Clean Water Act, we should afford deference to its interpretation.[30]

---

[27] Millennium Pipeline Co., 161 FERC ¶ 61,186 (Nov. 15, 2017); J.A. 793.

[28] As part of its petition, the Department filed an emergency motion for stay of construction pending review of the Waiver Orders. On December 7, 2017, following briefing and oral argument, this Court denied the Department's emergency motion for a stay, dismissed the Department's earlier petition (No. 17-3503) as moot, and dissolved the administrative stay it had previously issued. The Landowner Intervenors subsequently requested a similar stay in this case and in the separate appeal of FERC's Certificate Orders (17-3966). We denied those requests on December 15, 2017. *N.Y. Dep't of Envtl. Conserv.*, No. 17-3770 (2d Cir. Dec. 15, 2017); *Protect Orange Cty. v. FERC*, No. 17-3966 (2d Cir. Dec. 15, 2017).

[29] *Constitution Pipeline Co. v. N.Y. State Dep't of Envtl. Conserv.*, 868 F.3d 87, 100 (2d Cir. 2017).

[30] Pet'r's Br. 26-27.

The Department argues that we have afforded *Chevron* deference to a state agency's interpretation of a federal statute in the case of Medicaid, another joint federal-state program.[31]

Our precedents, however, foreclose extending such deference. A state agency's interpretation of a federal statute does not receive deference unless the federal agency charged with administering that statute has expressly approved the state's interpretation and implementation.[32] Although the Department has a role in determining compliance with Section 401 of the Clean Water Act, the federal agency charged with administering the Clean Water Act (the Environmental Protection Agency) is not involved in reviewing or approving the Department's interpretation of the waiver period.[33]

We therefore construe Section 401 *de novo*, according no deference to the interpretations of FERC or the Department.

Regarding the Landowner Intervenors' challenge to FERC's authority over the Project, we must first determine whether the Intervenors have standing before addressing whether the Natural Gas Act provides FERC with jurisdiction.

**B. Whether the Department Waived Its Authority Under the Clean Water Act**

The Department contends that the review process under Section 401 begins only once it, a state agency, deems an application "complete." FERC, on the other hand, argues that the one-year

---

[31] *See Perry v. Dowling*, 95 F.3d 231, 236 (2d Cir. 1996).

[32] *See id.* ("When the federal-statute interpretation is that of a state agency and 'no federal agency is involved,' deference is not appropriate." (quoting *Turner v. Perales*, 869 F.2d 140, 141 (2d Cir. 1989)); *see also Constitution Pipeline*, 868 F.3d at 100 (reviewing *de novo* interpretation of same statutory provision).

[33] *See Alabama Rivers All. v. F.E.R.C.*, 325 F.3d 290, 296–97 (D.C. Cir. 2003) (noting federal Environmental Protection Agency is charged with administering Clean Water Act).

review period commences when the Department receives a request for water quality certification. We agree with FERC.

The plain language of Section 401 outlines a bright-line rule regarding the beginning of review: the timeline for a state's action regarding a request for certification "shall not exceed one year" after "receipt of such request."[34] It does not specify that this time limit applies only for "complete" applications. If the statute required "complete" applications, states could blur this bright-line rule into a subjective standard, dictating that applications are "complete" only when state agencies decide that they have all the information they need. The state agencies could thus theoretically request supplemental information indefinitely.

The Department warns that requiring state agencies to act on a request within one year will force it to render premature decisions. Among other harms, the Department notes, such a requirement may undermine public notice and comment, impede a state from working with the applicant to refile in accordance with its requirements, and prompt applicants to flood the courts with appeals.

These concerns are misplaced. If a state deems an application incomplete, it can simply deny the application without prejudice—which would constitute "acting" on the request under the language of Section 401. It could also request that the applicant withdraw and resubmit the application.[35] Such a denial does not preclude a state from assisting applicants with revising their submissions.[36] Nor does

---

[34] *Id.*

[35] *Constitution Pipeline*, 868 F.3d at 94 (noting that an applicant for a Section 401 certification had withdrawn its application and resubmitted at the Department's request—thereby restarting the one-year review period).

[36] In fact, Millennium met with the Department on August 10, 2015, before submitting its application, to "avail[] itself of [the Department's] pre-application process," which included the Department providing comments on Millennium's plans. Crouse Decl. Ex. G at 2, Dkt. 7.

it harm the process of public notice and comment, which would simply begin once a state decided that it did not need to deny an application for incompleteness. And what the Department calls "premature" denials of applications are not likely to prompt a deluge of litigation. The Department itself notes that this litigation incentive already exists; applicants can argue before FERC that their applications are complete under New York regulations.[37]

Accordingly, we conclude that the Department waived its authority under Section 401 and that FERC properly issued a waiver order permitting Millennium to proceed with construction without a water quality certification.

### C. FERC's Jurisdiction over the Project

The petitioner (the Department) in this instance did not raise the issue of whether FERC has jurisdiction over Millennium's application regarding the Project. Generally, "intervenors may only argue issues that have been raised by the principal parties; they simply lack standing to expand the scope of the case to matters not addressed by petitioners in their request for review."[38] Nonetheless, courts may exercise discretion to entertain a new argument raised by an intervenor.[39] We choose to do so here.

The Natural Gas Act provides that FERC has plenary authority over the transportation of natural gas in interstate commerce.[40] Natural "gas crossing a state line at any stage of its movement to the ultimate consumer is in interstate commerce

---

[37] Reply Br. Pet. 23.

[38] *Petro Star Inc. v. FERC*, 835 F.3d 97, 110 (D.C. Cir. 2016) (brackets omitted) (quoting *Nat'l Ass'n of Regulatory Util. Comm'rs v. ICC*, 41 F.3d 721, 729 (D.C. Cir. 1994)).

[39] *See New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524, 529 n.4 (2d Cir. 2010).

[40] 15 U.S.C. § 717(b).

during the entire journey."[41] If a pipeline is an integrated part of an interstate system, FERC has jurisdiction over it even if that pipeline is a "lateral" line off a company's mainline and that lateral line is solely located in one state, and the transporting gas never leaves that state.[42]

The pipeline at issue here will transport gas that is in interstate commerce as part of an integrated system. Millennium's mainline system is linked to interstate pipelines that run both in and out of the state of New York.[43] Although the pipeline at issue here is located entirely within New York and will deliver gas only to the Valley Energy Center, it will receive out-of-state gas from the Millennium mainline.[44] FERC therefore has jurisdiction.

## CONCLUSION

For the foregoing reasons, we **DENY** the petition for review.

---

[41] *Mich. Consol. Gas Co. v. Panhandle E. Pipe Line Co.*, 887 F.2d 1295, 1299 (6th Cir. 1989) (quoting *Maryland v. Louisiana*, 451 U.S. 725, 755 (1981)).
[42] *See Okla. Nat. Gas Co. v. FERC*, 28 F.3d 1281, 1287 (D.C. Cir. 1994).
[43] J.A. 544, 546.
[44] *Id.* at 544.